UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BIRCHREA PARTNERS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:18-cv-00030-TLS-SLC |
| REGENT BANK, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to compel filed by Plaintiff Birchrea Partners, Inc. ("Birchrea"), on January 9, 2019, asking that the Court compel Defendant Regent Bank ("Regent") to submit to a Rule 30(b)(6) deposition noticed for January 25, 2019. (DE 62). Regent filed a response the next day (DE 64);[1] Birchrea has not yet filed a reply, and the time to do so has now run. N.D. Ind. L.R. 7-1(d)(2)(B).

The motion to compel is obviously deficient. Birchrea failed to file a separate Local Rule 37-1 certification representing that its counsel has conferred in good faith or attempted to confer in good faith with Regent's counsel in an effort to resolve the matter without Court action. N.D. Ind. L.R. 37-1(a). The certification must state the date, time, and place of the conference or attempted conference and the names of all persons participating therein. N.D. Ind. L.R. 37-1(a). The Court may deny the motion on this basis alone. *See* N.D. Ind. L.R. 37-1(b).

Furthermore, it is quite obvious from Birchrea's motion that the parties have not yet conferred in good faith or attempted to meet and confer in good faith in an effort to resolve the matter without Court action. In the motion, Birchrea explains that on January 3, 2019, it

---

[1] While Regent entitled its response as a "motion in opposition," it actually is a response brief.

unilaterally noticed the deposition after Regent failed to respond within four days to Birchrea's December 20th correspondence advising Regent of Birchrea's intention to schedule a Rule 30(b)(6) deposition. Regent did respond to Birchrea's correspondence on January 8, 2019, stating that its corporate representative was not available on January 25, 2019, but proposed alternative dates of February 12, 20, or 22. Later that day, Birchrea's counsel replied via email to Regent's counsel that the deposition must take place on or before January 25, 2018, the discovery deadline in this case. (DE 52). Rather than confer further with Regent's counsel, Birchrea instead filed the instant motion to compel the following day.

"[S]everal correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful dialogue." *Lewis v. Saint Margaret Mercy*, No. 2:11 CV 313, 2013 WL 214239, at *3 (N.D. Ind. Jan. 17, 2013) (citation omitted). "The communication specifically must address the conflict and appear to involve meaningful negotiations." *Id.*; *see Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-cv-00376-JD-RBC, 2011 WL 4005346, at *5 (N.D. Ind. Sept. 8, 2011) ("Such a dialogue occurs when the parties engage in bartering or negotiations rather than merely reciting their general stances on the issues." (citation omitted)); *Imbody v. C & R Plating Corp.*, No. 1:08-CV-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not

constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue." (citations omitted)).

Here, correspondence between Birchrea's counsel and Regent's counsel shows that the parties exchanged only three emails regarding the dates for the Rule 30(b)(6) examination, and that the parties never conducted a telephonic meet and confer on the issue. (*See* DE 62-2 through DE 62-4). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). "The requirement to meet-and-confer must be taken seriously, because [b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original) (citation and internal quotation marks omitted).

Therefore, because there is no evidence that the parties met and conferred in good faith or attempted to meet and confer in good faith prior to filing the motion to compel, Birchrea's motion to compel (DE 62) is DENIED without prejudice. The Clerk is also DIRECTED to term Regent's motion in opposition (DE 64), as it is actually a response brief.

SO ORDERED.

Entered this 18th day of January 2019.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge