# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BIRCH\|REA PARTNERS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGENT BANK, )<br>STONEGATE BANK, and )<br>HOME BANCSHARES, INC., )<br>)<br>Defendants. )<br>_____)<br>)<br>REGENT BANK, )<br>STONEGATE BANK, and )<br>HOME BANCSHARES, INC., )<br>)<br>Defendants/Counterclaim Plaintiffs, )<br>)<br>v. )<br>)<br>BIRCH\|REA PARTNERS, INC., )<br>)<br>Plaintiff/Counterclaim Defendant. ) | CAUSE NO.: 1:18-CV-30-HAB |

**OPINION AND ORDER**

The Plaintiff in this litigation, Birch|Rea Partners, Inc., is pursuing a single cause of action against the Defendant, Regent Bank, and its successors Stonegate Bank, and Home BancShares, Inc. In a Complaint filed on February 13, 2018, Birch|Rea asserted that Regent Bank committed the tort of malicious prosecution when it initiated and pursued litigation against Birch|Rea in federal court. The Defendants, after answering the Complaint and asserting a Counterclaim that the Complaint was frivolous, filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [ECF No. 45]. For the reasons set forth in this Opinion and Order, the Motion will be denied.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer, but early enough not to delay trial. "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis omitted) (internal quotation marks and citations omitted); s*ee also Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 396 (7th Cir. 2018) (surviving a Rule 12(c) motion requires that the complaint "state a claim to relief that is plausible on its face") (first quoting *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017); then quoting *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016)).

In evaluating a motion for judgment on the pleadings, the Court must accept the non-movant's factual allegations as true and draw all reasonable inferences in its favor, but it need not accept as true any legal assertions. *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). The court's review is limited to the pleadings; however, it may also take into consideration documents incorporated by reference into the pleadings and matters properly subject to judicial notice. *Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). The court cannot consider matters outside these areas without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Omega Healthcare Investors, Inc. v. Res–Care, Inc.*, 475 F.3d 853, 856 n.3 (7th Cir. 2007). In addition, a Rule 12(c) motion is appropriate only when "it is clear that the

merits of the controversy can be fairly and fully decided in this summary manner." Wright & Miller, Federal Practice and Procedure, § 1369 (3d ed.).

## THE COMPLAINT ALLEGATIONS

In 2016, Regent Bank initiated a lawsuit against Birch|Rea under Cause Number 1:16-CV-262-TLS-SLC (the Underlying Litigation). In the Underlying Litigation, Regent Bank accused Birch|Rea of generating an appraisal report (the Report) that contained misrepresentations regarding a certain property (the Property) located in Marion, Indiana. The Report valued the Property as of May 29, 2007. Birch|Rea provided the Report to SunTrust and PNC Bank. On October 19, 2007, the Property sold to an affiliate of SunTrust, and PNC extended the loan (the Mortgage Loan) to SunTrust in connection with the sale of the Property. On December 20, 2010, Regent Bank purchased the Mortgage Loan on the secondary market from PNC Bank.

Birch|Rea alleges that Regent Bank initiated the Underlying Litigation for negligent misrepresentation, fraud, and breach of contract in a grossly negligent manner and without probable cause until the time it was dismissed with prejudice by Regent Bank with court approval. Regent Bank's malice and improper purpose was to attribute anticipated losses on the Mortgage Loan to Birch|Rea, even though Regent Bank knew that Birch|Rea was not the cause of the loss, and to extract a settlement from Birch|Rea. Regent Bank was, at the time, engaged in discussions with Stonegate Bank to be acquired by merger, and Regent Bank considered the Mortgage Loan to be a bad loan that would have to be charged off. Regent Bank knew the claims it was pursuing were not factually or legally sustainable because the Report was accurate in all material respects and was prepared in full adherence to and compliance with Uniform

Standards of Professional Appraisal Practice, as well as using a methodology to value the Property that had been accepted by SunTrust and PNC Bank. In November 2009, Regent Bank itself had requested that Birch|Rea use a capitalization rate in the same range to appraise similar properties. Additionally, given the passage of time and changes in the underlying economic and market assumptions since the valuation in the 2007 Report, Regent Bank's reliance on the Report was contrary to Interagency Appraisal & Evaluation Guidelines promulgated by the Office of the Comptroller of the Currency.

Birch|Rea is seeking damages for attorney fees it expended in the Underlying Litigation, and for lost revenue from reputational harm the lawsuit caused.

## ANALYSIS

A malicious prosecution claim involves four elements: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). The Defendants argue that Birch|Rea cannot maintain an action for malicious prosecution because it cannot meet two of the required elements. First, the Defendants argue that the original action was not terminated in Birch|Rea's favor. They assert that the Court can take judicial notice of the fact that the parties' agreement that the Underlying Litigation would be voluntarily dismissed with each party bearing its own attorney fees and costs was in settlement of the matter. Second, they claim that Regent Bank had probable cause to sue Birch|Rea because it relied on an expert report.[1]

---

[1] The Defendants note that their Answer, Affirmative Defenses, Counterclaim and Jury Demand referenced and incorporated the Potter Expert Report, which should have been attached as Exhibit 1. It

A.  **Was the Underlying Litigation Terminated in Birch|Rea's Favor**

In its Complaint, Birch|Rea alleges that the Underlying Litigation ended as follows:

> On September 2, 2016, Birch|REA filed a Motion to Dismiss Regent Bank's Complaint in the Underlying Litigation on the ground that Regent Bank was not the intended beneficiary of the Report, and therefore as a matter of law Regent Bank was not entitled to rely upon the Report when it purchased the Mortgage Loan.
>
> Birch|REA did not move to dismiss the Complaint on the merits of Regent Bank's claims because Regent Bank had pleaded inaccurate statements that prevented Birch|REA from moving to dismiss on the merits.
>
> After the Court denied Birch|REA's Motion to Dismiss, Birch|REA sent a second letter to Regent Bank on August 16, 2017, again advising Regent Bank that its Complaint was frivolous and that it should dismiss the Underlying Litigation. A true and correct copy of the August 16, 2017 letter is attached hereto as Exhibit "H."
>
> Upon receiving the letter, Regent Bank informed Birch|REA that it intended to voluntarily dismiss the Underlying Litigation.
>
> Regent Bank then filed a motion to voluntarily dismiss the Underlying Litigation.
>
> On October 23, 2017, the Court entered an Order dismissing the Underlying Litigation with prejudice.

(Comp. ¶¶ 72–77.)

Termination of a civil proceeding in favor of a prior defendant "for purposes of a claim of malicious prosecution may occur in a number of ways," including where it is "withdraw[n] . . . by the person bringing [it]." *Wong v. Tabor*, 422 N.E.2d 1279, 1284 (Ind. Ct. App. 1981) (quoting Restatement of Second Torts § 674 at 444–45 (1977), comment on clause (b)). Additionally, dismissal with prejudice has been found to qualify as termination in a prior defendant's favor for purposes of a malicious prosecution claim. *See Reichhart*, 748 N.E.2d at 378 & n.2 (noting that although the plaintiff in the underlying action had moved to dismiss her

---

was only due to a "scrivener's" error that the Report was not attached. The Defendants provide the Expert Report in their Motion for Judgment on the Pleadings.

taxpayer challenge without prejudice, the trial court dismissed it with prejudice thus satisfying the element of favorable termination). Accordingly, the Complaint allegations concerning the dismissal of the Underlying Litigation with prejudice upon a Regent Banks's motion to voluntarily dismiss satisfactorily pleads the fourth element of a malicious prosecution claim.

The Defendants see matters differently. They rely on the principal that where a prior proceeding was ended without regard to the merits, but by compromise or settlement, it has not been terminated in a manner that can support a malicious prosecution claim. *Wong*, 422 N.E. 2d at 1284. The Defendants argue that this principal of law dooms Birch|Rea's case because the Underlying Litigation was ended by settlement.

The Defendants urge the Court to take judicial notice of facts contained in records from the Underlying Litigation. There, Regent Bank filed a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which stated that the "Plaintiff has elected to voluntarily dismiss its cause of action against Defendant, Birch REA Partners, Inc., with prejudice and with each party bearing its own attorney fees and costs. Counsel for Birch REA Partners, Inc. does not object to this Motion to Dismiss." (9/26/17 Mot. in Cause No. 1:16-cv-262, ECF No. 32.) The court, in granting the Motion to Dismiss, wrote, "The Plaintiff affirms that all claims by the Plaintiff against the Defendant have been settled and that this case should be dismissed, with prejudice, with each party bearing its own attorney fees and costs." (10/23/17 Opinion & Order in Cause No. 1:16-cv-262, ECF No. 33.) After conducting an analysis in accordance with Rule 41(a)(2), the court dismissed the action with prejudice and directed the Clerk to close the case.

The Defendants argue that these documents, specifically the court's Order dismissing the Underlying Litigation, show that the parties settled the Underlying Litigation and agreed to

6

voluntarily dismiss it with each party bearing its own fees and costs. According to the Defendants, "[t]he fact that the parties agreed to dismiss the action with each party bearing their own fees is evidence of consideration, or a quid pro quo, that could serve as the basis of a settlement or agreement amongst the parties." (Br. in Supp. 11, ECF No. 46.) The Defendants submit that the Court, applying judicial notice, should find that the Underlying Litigation was settled, and therefore cannot form the basis of a malicious prosecution claim.

A court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either 1) "generally known within the trial court's territorial jurisdiction" or 2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. It is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). "Typically . . . , because of the indisputability requirement, the notice of a court order is limited to the purpose of recognizing the judicial act or litigation filing; judicial notice is generally not for the truth of the matters asserted in a court document." *ABN AMRO, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *9 (N.D. Ill. Mar. 16, 2007) (first citing *Global Relief Found. v. New York Times Co.*, 2002 WL 31045394, at *4 (N.D. Ill. Sept. 11, 2002); then citing *Gen. Elec. Capital Corp.*, 182 F.3d at 1081 n.6). Here, the fact the Defendants advance—that the Underlying Litigation was settled—is subject to reasonable dispute, and the Court cannot consider it established by judicial notice.

The Defendants erroneously believe that the court's Order of dismissal establishes without dispute that the Underlying Litigation was settled. The Order of dismissal proves only that Regent Bank moved to voluntarily dismiss the Underlying Litigation, and the court set the term of the dismissal to be with prejudice. No undisputable terms show that the parties entered into a settlement agreement, or that the court "approved the settlement," as the Defendants assert. (Defs.' Reply 4, ECF No. 60.) The absence of a bargained quid pro quo for the voluntary dismissal means that the Underlying Litigation was not terminated by a compromise or settlement that forecloses a malicious prosecution claim.

For purposes of the favorable termination element of a malicious prosecution claim, the Court cannot "ignore the context in which the proceedings were terminated." *Wong*, 422 N.E.2d at 1284. According to the Complaint allegations, which are considered true for purposes of ruling on the Motion, Regent Bank advised Birch|Rea that it was voluntarily dismissing the action. Although the Complaint does not detail Birch|Rea's response, Regent Bank's motion to dismiss states that Birch|Rea's counsel did not object. Lack of objection is not "[c]ompromise and settlement[, which] implies something more than one party merely advising another as to his decision with regard to a particular matter in dispute. At a minimum, settlement requires some act or process of adjusting one's differences in reaching an agreement over disputed matters." *Id.* at 1285. Therefore, the context in which the Underlying Litigation was terminated provides no basis to conclude that Birch|Rea and Regent Bank bargained quid pro quo for the voluntary dismissal, such that it was "merely . . . the vehicle for securing their agreement." *Id.* Rather, the context suggests the opposite; Regent Bank, without having reached a settlement agreement with Birch|Rea, moved to dismiss the Underlying Litigation with prejudice under Rule 41(a)(2).

Accordingly, the Court does not find that the pleadings negate the fourth element of Birch|Rea's malicious prosecution claim.

**B.      Did Regent Bank Lack Probable Cause to Commence the Underlying Litigation**

The lack of probable cause to initiate proceedings is a necessary element of a malicious prosecution claim. "[P]robable cause exists 'when a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause.'" *Reichhart*, 748 N.E.2d at 379 (quoting *Maynard v. 84 Lumber Co.*, 657 N.E.2d 406, 409 (Ind. Ct. App. 1995)). "More simply stated, the inquiry is whether the defendant acted reasonably in believing the plaintiff was somehow responsible for the tortious actions." *Ingram v. Diamond Equip., Inc.*, 118 N.E.3d 1, 8 (Ind. Ct. App. 2018) (citing *Satz v. Koplow*, 397 N.E.2d 1082, 1085 (Ind. Ct. App. 1979)). "The determination of probable cause is normally an issue of fact for the jury's determination." *Crosson*, 829 N.E.2d at 197 (citing *Exec. Builders, Inc. v. Trisler*, 741 N.E.2d 351, 357 (Ind. Ct. App. 2000)). Only when the facts are undisputed may the court determine probable cause as a matter of law. *Id.* The Defendants argue that the pleadings show that the claims it asserted in the Underlying Litigation were supported by probable cause because those claims were based on the report of an expert, John Potter.

The Court finds that Birch|Rea's Complaint satisfies federal pleading standards as it relates to the probable cause element of a malicious prosecution claim. In paragraphs 11 through 21 of the Complaint, Birch|Rea sets forth the standards it followed to prepare the Report. The Complaint also describes why Regent Bank was not entitled to rely on the value estimate set forth in the Report. (Compl. ¶ 31.) Paragraphs 43 through 49 provide context for Regent Bank's relationship with Birch|Rea. In paragraphs 51 and 52, the Complaint describes the claims that

9

Regent Bank pursued in the Underlying Litigation, and paragraphs 54 through 71 allege in detail the reasons Regent Bank would have known that the claims in the Underlying Litigation were frivolous and without probable cause.

The existence of an expert report does not negate the allegations of fact set forth in the Complaint. Neither does it establish as a matter of law that the Underlying Litigation was supported by probable cause. At most, it creates issues of fact that are not appropriate to resolve on a motion for judgment on the pleadings. At this stage of the pleadings, Regent Bank's reliance on the Potter Report must be considered in light of the allegations contained in the Complaint, which the Court accepts as true for purposes of the Motion. The Court agrees with Birch|Rea's assertion that it "should be given the opportunity to develop the record to affirm the expert's lack of factual basis for the opinion and to determine why the purported expert gave such an opinion." (Br. in Supp. of Pl.'s Resp. 23–24, ECF No. 54.) Discovery will be necessary to fairly resolve the merits of the malicious prosecution claim, including whether there was probable cause to initiate the Underlying Litigation.

Additionally, the Court finds no merit in the Defendants' assertion that Birch|Rea's unsuccessful Rule 12(b)(6) motion to dismiss in the Underlying Litigation resolves the issue of probable cause and precludes the malicious prosecution claim. Birch|Rea's Complaint alleges that the Underlying Litigation contained inaccurate statements. The court that considered the motion to dismiss the Underlying Litigation was bound to accept the complaint's factual allegations, even if they were false. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A motion to dismiss does not resolve the merits of an action. Therefore, Birch|Rea's unsuccessful motion to dismiss was not, as the Defendants assert, a decision in favor of Regent Bank that constitutes "conclusive evidence that probable

cause existed to bring" the Underlying Action. (Defs' Reply 7 (citing *Bail Bonds v. Gov't Payment Serv., Inc.*, 892 N.E.2d 702, 705 (Ind. Ct. App. 2008) (no malicious prosecution claims where the court imposed a permanent injunction in favor of the plaintiff in the original action), and *Chapman v. Grimm & Grimm, P.C.*, 638 N.E.2d 462, 464 (Ind. Ct. App. 1994) (grandparents' successful visitation action could not form basis for malicious prosecution claim merely because appellate court determined that the judgment was voidable on jurisdictional grounds). The current litigation is distinguishable from *Bail Bonds* and *Chapman* because they involved favorable decisions on the merits.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendants' Motion for Judgment on the Pleadings [ECF No. 45]. The Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 50] remains pending and, in accordance with the Dispositive Logic Table (located at https://www.innd.uscourts.gov/CMECFManualsAndGuides) will be addressed by the Magistrate Judge.

SO ORDERED on May 10, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
