# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BIRCH\|REA PARTNERS, INC., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:18-CV-30-HAB |
| REGENT BANK, STONEGATE BANK, and HOME BANCSHARES, INC., | ) |
| Defendants. | ) |
| REGENT BANK, STONEGATE BANK, and HOME BANCSHARES, INC., | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| v. | ) |
| BIRCH\|REA PARTNERS, INC., | ) |
| Plaintiff/Counterclaim Defendant. | ) |

## OPINION AND ORDER

The Plaintiff in this litigation, Birch|Rea Partners, Inc., commenced this action by filing a Complaint on February 13, 2018. The Complaint alleges that Defendant, Regent Bank, and its successors Stonegate Bank and Home BancShares, Inc., committed the tort of malicious prosecution when Regent Bank initiated and pursued litigation against Birch|Rea in federal court (the Underlying Litigation). Plaintiff later sought leave to amend its Complaint to add as defendants the banks' attorneys who, it alleges, also engaged in the wrongful use of civil proceedings along with their clients.

On June 4, 2019, Magistrate Judge Susan Collins denied Plaintiff's request to amend its Complaint. This matter is now before the Court on Plaintiff's Objections to the June 4, 2019 Order

of Magistrate Judge Susan Collins [ECF No. 74]. For the reasons stated in this Opinion and Order, the Objections are overruled.

## STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 15 and 16

Under Federal Rule of Civil Procedure 15, a party may amend his pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *BKCAP*, 2010 WL 1222187, at *2 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also Alioto*, 651 F.3d at 719–20 (collecting cases). "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Johnson*, 975 F.2d at 609). "Rather, the good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571). It is the "primary consideration." *Alioto*, 651 at 720 (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

**B.      Federal Rule of Civil Procedure 72**

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

Rule 72(a) grants great latitude to magistrate judges to resolve non-dispositive matters, like the one at issue here. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding

that a motion to amend the complaint was a non-dispositive motion even when its denial prevented plaintiff from adding a defendant). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (referring to the clear error standard as "extremely deferential").

"Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Sols., LLC*, No. 1:13-CV-00133-RLY, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014) (first quoting *Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug.23, 2011); then quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

## ANALYSIS

**A.    Procedural History**

Plaintiff commenced this action on February 13, 2018. On May 11, 2018, Defendant answered the Complaint and filed a Counterclaim against Plaintiff. Following a Rule 16 preliminary pretrial conference on May 14, 2018, the Court entered a scheduling order that set July 26, 2018, as the deadline to file any motions for leave to amend pleadings. The discovery deadline was set for October 26, 2018.

On June 1, 2018, Plaintiff answered the Counterclaim. On August 3, 2018, Plaintiff served written discovery on Defendants. After receiving a thirty-day extension from the Court to respond

to Plaintiff's discovery, Defendants served written responses and produced documents to Plaintiff on October 3, 2018.

Upon review of the discovery documents, on November 1, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint, arguing that information from the document production showed that Defendants' attorneys—not just Defendants—had engaged in the wrongful use of civil proceedings in the Underlying Litigation. Plaintiff thus sought leave to amend the Complaint to, inter alia, add as defendants Regent Bank's attorneys—Randolph Brombacher and Andrew Palmison—as well as their respective law firms—Saavedra Goodwin and Rothberg Logan & Warsco LLP.

On June 4, 2019, the Magistrate Judge denied Plaintiff's Motion. On June 18, 2019, Plaintiff filed its Objections to the Magistrate Judge's ruling. Defendants filed a response.

**B.     The Magistrate Judge's Ruling**

The Court has reviewed the transcript of the proceeding [ECF No. 75] wherein the Magistrate Judge issued the oral ruling denying Plaintiff's Motion. The Magistrate Judge identified Rule 16 as the governing standard. She also identified Plaintiff's diligence in seeking the amendment, and undue prejudice to the nonmovant as pertinent factors. The Magistrate Judge, addressing Plaintiff's diligence, noted that it did not propound discovery requests until after the deadline for amending the pleadings had passed. Thus, she reasoned, even if that discovery revealed a basis to seek an amendment of the pleading, the Plaintiff had not exercised due diligence.

The Magistrate Judge then turned to the issue of whether the amendment would result in undue prejudice to Defendant. She concluded that the sought-after amendment would create a conflict necessitating that Defendants' attorneys withdraw from the case. This would result in both

5

significant delay and additional cost to the Defendants, who would be required to find new counsel. Further delay and costs would be incurred as the new claims against the attorneys would necessitate the reopening of discovery.

**C.      Plaintiff's Objection**

Plaintiff argues that the Magistrate Judge's decision was clearly erroneous and contrary to law because Plaintiff established good cause for the untimely request. According to Plaintiff, the Magistrate Judge's decision was based on her finding that Plaintiff should have already known about the evidence that prompted the motion to amend based on initial disclosures in the Underlying Litigation, the deadline to amend pleadings had passed, and Defendants would be prejudiced by having to obtain new counsel.

First, Plaintiff asserts that the passage of time is insufficient ground alone to deny its motion. (Obj. 8 (citing *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016).) Of course, the Magistrate Judge did not base her ruling on the mere passage of time. As discussed above, she considered the Plaintiff's diligence in seeking the amendment outside the parties' established deadline. Due diligence is, indeed, the primary consideration in a Rule 16(b) good cause analysis. *See Alioto*, 651 at 720.

Second, Plaintiff asserts that the Magistrate Judge misunderstood what Plaintiff could have known during the Underlying Litigation. Plaintiff's argument, though, is beside the point. The Magistrate Judge recognized as much when she stated that, "even if" the mention of experts in the Underlying Litigation dating back to 2017 "wasn't sufficient to put the plaintiff on notice, the discovery in this case wasn't . . . propounded . . . by the plaintiff until after the deadline to amend the pleadings had passed." (6/4/19 Hr'g Tr. 26, ECF No. 75.) On that point, the Magistrate Judge was quite clear that waiting to propound discovery until after the parties' agreed time to amend the

6

pleadings had already passed was not an exercise of due diligence. (*See id.* at 22 ("[H]ere you are seeking leave to file an amended complaint based on discoveries made during discovery, and so the question of due diligence would suggest that if you wait until after the deadline to amend your complaint passes before you propound discovery, then that horse is out of the barn, and any discoveries that you make, by very definition, is going to be outside the deadline.").)

For its part, Plaintiff focuses on a different deadline, noting that it propounded discovery before the close of the discovery deadline. That may be, but it does not specifically address the focus of the Magistrate Judge's decision, which was the deadline to amend the pleadings. The Court understands the distinction Plaintiff is trying to make, which is the same one it made to the Magistrate Judge, but the Court is not left with the definite and firm conviction that the Magistrate Judge made a mistake when she concluded that Plaintiff had not met the good cause standard. Rather, her reasoning is in line with the applicable standard, which counsels that good cause is not established where plaintiff does not show that, despite its diligence, the time table for amending the complaint could not reasonably have been met. *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571). Here, nothing prevented Plaintiff from propounding discovery requests in a timeframe that would have permitted it to review the discovery and to make any pertinent discoveries in advance of the agreed upon deadline for amending the pleadings.

Even if Plaintiff is correct about having established good cause, the Magistrate Judge found an additional reason to deny the motion. She concluded that permitting the amendment would cause undue prejudice to Defendants. Plaintiff disagrees with this assessment. It asserts that the proposed amendment does not include new facts that were "unknown" to Defendants, and that any inconvenience caused by having to obtain new counsel is not a reason to deny the amendment because it was caused by Defendants' own actions in "fail[ing] to disclose . . . critical documents."

7

(Obj. 12.) In response to the second half of this argument, the Court finds that Plaintiff has not established any improper failure to disclose on Defendants' part. Arguing about the potential merits of its proposed new claims, as Plaintiff does, does not alter this conclusion.

Likewise, Plaintiff's assertion that it merely seeks to add facts already know to Defendants downplays the impact that adding the proposed claims against new parties would have on this case. As the Magistrate Judge rightly concluded, it would lead to significant delay and additional cost. Despite Plaintiff's view that limited discovery would be necessary on its part, that does not account for Defendants' discovery. Moreover, none of this additional discovery could take place until after Defendants' counsel withdrew from the case, and Defendant obtained new counsel. New counsel would then need time to become familiar with the litigation. The newly added parties would also be permitted to obtain counsel and to conduct their own discovery, further adding to the delay.

Because Plaintiff has not identified a clear error in Magistrate Judge Collins's application of the facts, or any misapplication of law, there is no basis to overturn the decision.

**CONCLUSION**

For the reasons stated above, the Court OVERRULES Plaintiff's Objections to the June 4, 2019, Order of Magistrate Judge Susan Collins [ECF No. 74].

SO ORDERED on August 13, 2019.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT