UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BIRCHREA PARTNERS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00030-HAB-SLC |
| | ) |
| **REGENT BANK,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On July 21, 2020, after hearing oral argument by the parties' counsel, the undersigned Magistrate Judge granted Plaintiff's Emergency Motion to Preclude Expert Testimony and Supplemental Expert Disclosures (ECF 113), precluding Defendants from offering testimony relating to an October 2019 report penned by their expert witness Charles G. Argianas. (ECF 120). Now before the Court is Defendants' motion to reconsider that ruling pursuant to Federal Rule of Evidence 60(b) on the grounds of newly discovered evidence.[1] (ECF 141). The motion to reconsider is fully briefed and ripe for resolution. (ECF 152, 155).

### A. *Case Background*

Plaintiff filed this suit against Defendants on February 13, 2018, alleging wrongful use of civil proceedings arising from an underlying action filed by Defendant Regent Bank against Plaintiff, which was ultimately dismissed. (ECF 1). In the underlying suit, Regent Bank alleged that it relied on a 2007 real property appraisal prepared by Plaintiff for a third party relating to certain real property located in Marion, Indiana (the "Birch Report"), which allegedly contained material misrepresentations. (*Id.* ¶ 50).

---

[1] As noted *infra*, Defendants have also appealed the Magistrate Judge's July 21, 2020, ruling to the District Judge (ECF 121), but the District Judge has stayed that appeal pending resolution of the motion to reconsider (ECF 153).

The Court conducted a preliminary pretrial conference in this action on May 14, 2018, setting the following deadlines: November 26, 2018, for Plaintiff's expert witness disclosures and reports; December 26, 2018, for Defendants' expert witness disclosures and reports; January 9, 2019, for supplemental expert reports; October 26, 2018, for the close of fact discovery; and March 1, 2019, for the close of expert discovery. (ECF 28).

This case was stayed from February 7, 2019, to June 4, 2019, and from September 23, 2019, to May 19, 2020. (ECF 67, 73, 94, 104, 107). During the course of this action, the Rule 16(b) deadlines were extended to: July 15, 2019, for Plaintiff's expert witness disclosures and reports; August 29, 2019, for Defendants' expert witness disclosures and reports; January 25, 2019, for the close of fact discovery; and August 31, 2020, for the close of expert discovery. (ECF 43, 52, 73, 80, 107).

On June 24, 2020, Plaintiff filed the Emergency Motion to Preclude Expert Testimony and Supplemental Expert Disclosures, seeking to preclude Defendants from offering testimony relating to Argianas's October 2019 report in which Argianas opined about the Birch Report. (ECF 113). In that motion, Plaintiff argued that: (1) Argianas's October 2019 report was not timely provided to Plaintiff; (2) that Defendants failed to supplement their discovery responses with respect to the October 2019 report; and (3) that Plaintiff would be severely prejudiced if Argianas was allowed to testify about the October 2019 report, because it contains new opinions that Plaintiff did not address in Argianas's August 2019 report or in discovery—specifically, that the Birch Report set forth a flawed "go dark" value. (*See* ECF 114).

After the emergency motion to preclude was fully briefed (ECF 117, 118), the undersigned Magistrate Judge held a hearing on the motion on July 21, 2020, at which oral argument was heard (ECF 120). For the reasons stated on the record, the undersigned granted

2

the motion, precluding Defendants from offering testimony relating to Argianas's October 2019 report. (*Id.*). In doing so, the undersigned found that Defendants' failure to disclose Argianas's October 2019 report was neither justified nor harmless in that: (1) the report was not merely a supplemental report as Defendants contend, but rather, disclosed new opinions; and (3) Plaintiff would be unduly prejudiced by the belated disclosure and that such prejudice could not be adequately cured.

On August 4, 2020, Defendants filed Objections to the undersigned's July 21, 2020, ruling, appealing the decision to preclude testimony relating to Argianas's October 2019 report to the District Judge. (ECF 121). On August 11, 2020, Plaintiff continued and concluded its deposition of Argianas. (ECF 141 at 3).

On September 30, 2020, Defendants filed the instant motion to reconsider, asserting that Plaintiff introduced the entirety of Argianas's October 2019 report into the record during Argianas's deposition on August 11, 2020, and then questioned him about the report. (*Id.* at 4). Defendants contend that in doing so, "Plaintiff, through its own actions and course of conduct, has waived any right to now limit the presence of Mr. Argianas's October 2019 [r]eport in the [r]ecord or otherwise preclude the Defendants from relying upon same." (*Id.* at 4-5).

### B. Standard of Law

"Rule 60(b) permits the court to relieve a party from an order on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, 'or any other reason that justifies relief.'" *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)). "It is very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (citation and internal quotation marks omitted); *see also Myers v. Bureau of Motor Vehicles*, No. 4:17-CV-39-TLS-APR, 2020 WL

3

2537789, at *4 (N.D. Ind. May 19, 2020).

*C. Discussion*

Defendants argue that the undersigned's July 21, 2020, ruling should be reconsidered based on newly discovered evidence which could not have been foreseen or predicted by Defendants—that is, Plaintiff's introduction of Argianas's October 2019 report in its entirety as an exhibit during Argianas's deposition on August 11, 2020, and Plaintiff's questioning of Argianas about the same.[2] (ECF 141 at 6). Defendants contend that given Plaintiff's use and introduction into the record of Argianas's October 2019 report during the deposition, it would be inequitable for Defendants to continue to be bound by the July 21, 2020, ruling precluding testimony relating to that report. (*Id.*). Defendants argue that the October 2019 report should now be fair game in a summary judgment proceeding, as "'a district judge in a federal summary judgment proceedings is authorized to consider materials beyond the pleadings, particula[rly] depositions. This would include exhibits which are made part of the deposition record.'" (*Id.* (quoting *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.*, 606 F.2d 760, 766 (7th Cir. 1979)).

In response, Plaintiff states that Argianas's October 2019 report was only marked as an exhibit after Argianas asked to review it so that he could answer a question unrelated to the report (ECF 152 at 3)—that is "whether [the property] was sold or whether it was leased in

---

[2] Defendants also briefly challenge Plaintiff's argument raised at the hearing on the emergency motion that Argianas's October 2019 report would require reopening fact discovery to cure the prejudice caused by Defendants' failure to timely disclose the report. (ECF 141 at 4). Defendants contend that Plaintiff's argument "ignores that fact discovery was already closed prior to Argianas's initial report filed in August of 2019," making the argument "a red herring." (*Id.*). But the rehashing of the Rule 16(b) deadlines to the Court now does not constitute newly discovered evidence, a mistake, or any other reason that justifies relief under Rule 60(b). *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." (citations omitted)). Therefore, this argument merits no further attention.

4

October" (ECF 133 at 75-76).³  Plaintiff also emphasizes that at the beginning of the deposition its counsel clearly set out the parameters of the scope of the questioning, stating to Argianas:

> Q.  Since the time of your last deposition on June 18th, I filed a motion with the court to strike certain parts of your testimony as it relates to your opinions on go dark valuation.  At least for the interim time, the magistrate judge who has heard that issue has ruled in plaintiff's favor and has stricken that portion of your report that touches on go dark valuation. So, for purposes of today, I'm not going to be referring to go dark, nor do I want you to testify with respect to go dark in any of your answers, because at least until this issue is finally resolved by the U.S. district judge to which that issue has been appealed, that issue is off the table.  Do you understand that?
>
> A.  Yes.
>
> Q.  Okay.  And may I also tell you that fee simple valuation is also off the table for purposes of today . . . .

(ECF 133 at 6-7; *see also id.* at 11-12, 110).  Finally, while Defendants concede that they did ask Argianas some questions regarding his valuation of the property, they claim that they "did so only to address Mr. Argianas' credibility, and not for the purposes of soliciting his opinion as to the value of the subject Property." (ECF 152 at 4-5 (citing ECF 133 at 100-02)).  As such, Defendants contend that their limited reference to Argianas's October 2019 report during the deposition did not waive the July 21, 2020, preclusion ruling. (*Id.* (citing ECF 133 at 100-02)).

Having considered the parties' arguments and the applicable standard of law, the undersigned concludes that Plaintiff's reference to Argianas's October 2019 report and its marking of the report in its entirety as an exhibit at the deposition is akin to "newly discovered evidence" for purposes of Rule 60(b).  Fed. R. Civ. P. 60(b)(2).  Defendants "could not with

---

³ Specifically, Argianas testified at the deposition: "I don't recall at the top of my head, but I can check if we go on break, whether it was sold or whether it was leased in October . . . ." (ECF 133 at 75). Plaintiff's counsel responded: "What documents would you need to review, in the next couple of minutes, in order to answer . . . which one was the sale and which one was the lease back?" (*Id.* at 76). Argianas replied: "I'm going to bring your attention to my Argianas appraisal report, the one that I wrote." (*Id.*). Plaintiff's counsel then stated: "Okay. Hold on, let me pull it up. And we'll have this marked as the next exhibit, Exhibit -10." (*Id.*).

reasonable diligence have discovered and produced such evidence [during the pendency of the motion.]" *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269 (alteration in original) (citation omitted).

Ultimately, Defendants' assertion that Plaintiff waived the preclusion order is persuasive only in part. As Defendants acknowledge, "[a] district court, in a federal summary judgment proceeding, may consider materials beyond the pleadings, including exhibits to affidavits and exhibits made part of a deposition record." *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 365 n.14 (7th Cir. 1987) (citing Fed. R. Civ. P. 56(e); *First Nat'l Bank Co.*, 606 F.2d at 766). "However, the court may *only* consider evidence and statements that would be admissible at trial and that have probative force." *Id.* (emphasis added) (citations omitted). "The cases generally hold that expert reports may not be received in evidence without violating the hearsay rule or [Federal Rule of Evidence] 403." *Sommerfield v. City of Chi.*, 254 F.R.D. 317, 329 (N.D. Ill. Nov. 3, 2008) (collecting cases). Therefore, that Argianas's October 2019 report was made an exhibit to the deposition does not automatically make the report admissible in its entirety at trial, such that it would be considered for purposes of summary judgment.

Furthermore, it is significant that Plaintiff's counsel set out the parameters of the scope of the questioning at the outset of Argianas's deposition, clearly stating that counsel was "not going to be referring to go dark [value]" and that Argianas should not "testify with respect to go dark [value] in any of his answers." (ECF 133 at 6-7; *see also id.* at 11-12, 110). Consistent with that, while Plaintiff's counsel did ask Argianas some questions about his valuation of the property, counsel did not inquire during the deposition about the "go dark" value contained in Argianas's October 2019 report. (*Id.* at 100-02; *see also id.* at 11-12, 110). Nor did Argianas volunteer the "go dark" valuation in his answers during the deposition. (*Id.*). As such, Plaintiff

6

did not waive or forfeit the Court's July 21, 2020, preclusion order in its entirety, and in particular, with respect to the "go dark" value.

Nevertheless, Plaintiff's use of Argianas's October 2019 report to a limited extent during the deposition does constitute "exceptional circumstances" that warrants some relief under Rule 60(b). Fed. R. Civ. P. 60(b). It is only equitable that Defendants should now be afforded the same leeway with respect to Argianas's October 2019 report that Plaintiff helped itself to during Argianas's deposition. Therefore, Plaintiff has WAIVED or FORFEITED the Court's July 21, 2020, preclusion order *only* to the extent that counsel's inquiry during the deposition elicited Argianas's testimony about the content of the October 2019 report. (*See, e.g.*, ECF 133 at 6-7, 11-12, 75-76, 100-02, 110). If the parties ultimately cannot agree on the scope of Argianas's October 2019 report that was addressed during Argianas's testimony, they are to raise that dispute before the District Judge in connection with a motion for summary judgment or a pretrial motion *in limine*.

### D.  Conclusion

For the foregoing reasons, Defendants' motion to reconsider (ECF 141) the undersigned's July 21, 2020, ruling (ECF 120) is GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order.

SO ORDERED.

Entered this 10th day of November 2020.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge